UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 19, 2015

Kyle Perryn Sevens
11805 Old Frederick Road
Marriottsville, MD 21104

Amy C. Rigney
Social Security Administration
Altmeyer Building
6401 Security Blvd Rm 617
Baltimore, MD 21235

      RE:    *Kyle Perryn Sevens v. Commissioner, Social Security Administration*;
            Civil No. SAG-14-1900

Dear Mr. Sevens and Counsel:

      On June 12, 2014, Plaintiff Kyle Perryn Sevens petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment and and the Commissioner's supplemental brief in support of her motion.[1] (ECF Nos. 20, 26). Mr. Sevens, who appears *pro se*, has not filed a response.[2] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

---

[1] Pursuant to this Court's March 24, 2015, Order, the Commissioner was permitted to file supplemental briefing addressing apparent issues that arose as a result of the Fourth Circuit's March 18, 2015, opinion in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). (ECF No. 25).

[2] After the Commissioner filed her Motion for Summary Judgment on February 9, 2015, a Rule 12/56 letter was mailed to Mr. Sevens, advising him of the potential consequences of failure to oppose the Commissioner's motion. (ECF No. 22).

*Kyle Perryn Sevens v. Commissioner, Social Security Administration*
Civil No. SAG-14-1900
May 19, 2015
Page 2

Mr. Sevens filed an application for Disability Insurance Benefits ("DIB") on March 15, 2011.[3] (Tr. 73, 164-65). In his application, he alleged a disability onset date of March 1, 2011. (Tr. 164). His claim was denied initially, on June 27, 2011. (Tr. 62-78). A hearing was held on November 1, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 32-61). Following the hearing, the ALJ determined that Mr. Sevens was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-29). The Appeals Council denied Mr. Sevens's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Sevens suffered from the severe impairments of demyelinating disease with tremor in voice and dominant right hand and hepatitis C. (Tr. 20). Despite these impairments, the ALJ determined that Mr. Sevens retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following. He requires a sit/stand option at will. He is limited to occasional stairs, balancing, stooping, kneeling, crouching, and crawling. He should not climb ladders. He is limited to occasional handling and fingering with the dominant right hand. He should avoid concentrated exposure to hazards. He is limited to simple, routine, repetitive tasks in a work environment free from fast-paced production involving only simple work-related decisions with few, if any, workplace changes.

(Tr. 21). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Sevens could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 25-26).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

---

[3] Both the ALJ's opinion and the Commissioner's Motion for Summary Judgment indicate that Mr. Sevens applied for Supplemental Security Income ("SSI") in addition to DIB. (Tr. 18); Def. Mem. 1. However, the record contains only documents referencing Mr. Sevens's DIB application. The date cited by the ALJ and the Commissioner, on which Mr. Sevens allegedly applied for SSI benefits, August 19, 2012, occurred after the date on which his SSI application appears to have been initially denied, June 27, 2011. Accordingly, I will assume that the reference to Mr. Sevens's SSI application was in error. However, if Mr. Sevens also applied for SSI, because the disability inquiry is the same, the analysis herein would also apply to the ALJ's evaluation of his SSI claim.

*Kyle Perryn Sevens v. Commissioner, Social Security Administration*
Civil No. SAG-14-1900
May 19, 2015
Page 3

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Sevens's favor at step one and determined that he has not engaged in substantial gainful activity since his alleged onset date. (Tr. 20); *see* 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Mr. Sevens claimed prevented him from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Mr. Sevens's impairments were severe. (Tr. 20). After finding at least one severe impairment, the ALJ continued with the sequential evaluation process and considered all of the impairments, both severe and non-severe, that significantly impacted Mr. Sevens's ability to work. *See* 20 C.F.R. § 404.1523. For example, the ALJ included non-exertional mental limitations, such as "a work environment free from fast-paced production," to accommodate Mr. Sevens's attention deficit disorder, which the ALJ determined to be a non-severe impairment. (Tr. 21). Accordingly, I find no basis for remand.

At step three, the ALJ determined that Mr. Sevens's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 21). The ALJ considered Listing 11.09, which pertains to multiple sclerosis, and the listings referenced therein. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.09. Although the ALJ did not discuss the specific criteria of Listing 11.09, an ALJ is required to discuss listed impairments and compare them individually to listing criteria only when there is "ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999). In this case, there is not ample evidence to support a determination that Mr. Sevens's impairment meets or equals Listing 11.09. Notably, Mr. Sevens did not argue before the agency, where he was represented by counsel, that he met or equaled any listings. I have carefully reviewed the record, and I agree that no listings are met.

Before proceeding to steps four and five, the ALJ assessed Mr. Sevens's RFC. The ALJ first summarized Mr. Sevens's subjective complaints, including his right hand and voice tremors, fatigue, visual problems, imbalance, and cognitive difficulties. (Tr. 22). In assessing the credibility of Mr. Sevens's subjective complaints, the ALJ employed the problematic boilerplate language that the Fourth Circuit recently determined warranted remand in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). In this case, however, the ALJ's use of that language does not require remand because the ALJ properly analyzed Mr. Sevens's credibility elsewhere. *Id.* at 639 (indicating that an ALJ's use of the problematic boilerplate would be harmless if he properly analyzed credibility elsewhere). For example, the ALJ found Mr. Sevens's statement that he is "'in the process' of learning to write with his left hand" inconsistent with the fact that "he completed extensive written forms in early 2011 using his left hand that are very legible." (Tr. 24) (comparing (Tr. 36) with (Tr. 196-203)). In reference to the discrepancies in Mr. Sevens's reported activities of daily living over time, the ALJ noted that there was "no evidence of significant worsening to support why [Mr. Sevens] is now more limited." (Tr. 24). Thus, consistent with the Fourth Circuit's opinion in *Mascio*, the ALJ explained how he decided which of Mr. Sevens's statements to believe, and which to discredit. 780 F.3d at 640.

In formulating Mr. Sevens's RFC, the ALJ also reviewed the medical records and considered all of the opinion evidence in the record. (Tr. 22-25). After summarizing each opinion, the ALJ explained: "[t]he established residual functional capacity is generally consistent with or more restrictive than the medical opinions except for the lifting, postural and environmental restrictions from Dr. Cherry." (Tr. 24). Although the ALJ did not explicitly articulate an assignment of weight to each medical opinion, it is clear that the ALJ assigned the opinions some, but not controlling, weight. The ALJ went on to provide evidentiary support for his departure from Dr. Cherry's opinion, and I can readily ascertain how the ALJ arrived at his conclusions concerning Mr. Sevens's ability to occasionally lift up to 20 pounds and perform handling and fingering. *See Mascio*, 780 F.3d at 637 (finding remand necessary when the ALJ did not explain the weight he assigned a medical opinion because it left the court to guess about how the ALJ arrived at his conclusions on the claimant's ability to perform relevant functions). My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, at step four, the ALJ determined that, pursuant to his RFC assessment, Mr. Sevens was unable to perform his past relevant work as a machine operator, paint line operator, door maker, short order cook, dishwasher, or sales clerk. (Tr. 25). Accordingly, the ALJ proceeded to step five, where he considered the impact of Mr. Sevens's age and level of education on his ability to adjust to new work. (Tr. 25-26). Relying on the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.18, the ALJ correctly found that a younger individual with limited or less education and an RFC to perform light work is not disabled *per se*. (Tr. 25). Since Plaintiff's RFC assessment contained additional limitations which impeded his ability to perform all or substantially all of the requirements of light work, however, the ALJ asked the VE whether jobs exited in the national economy that were suited to Mr. Sevens's particular assessment. (Tr. 51-53). The VE testified that a person with Mr. Sevens's RFC would be capable of performing the job of conveyor line bakery worker. *Id.* Based on the VE's testimony, the ALJ concluded that Mr. Sevens is capable of successfully adjusting to other work that exists in significant numbers in the national economy. (Tr. 26). I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk is directed to CLOSE this case.

*Kyle Perryn Sevens v. Commissioner, Social Security Administration*
Civil No. SAG-14-1900
May 19, 2015
Page 5

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                          Sincerely yours,

                          /s/

                          Stephanie A. Gallagher
                          United States Magistrate Judge